10-5040-cv
De La Rosa v. City of New York Police Department

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges,*
> LEE H. ROSENTHAL,
> > *District Judge.*[*]

---

RAMONA DE LA ROSA,

> *Plaintiff-Appellant,*

v.                                                            10-5040-cv

THE CITY OF NEW YORK POLICE
DEPARTMENT and THE CITY OF NEW YORK,

> *Defendants-Appellees,*

WARNER S. FREY, ROBERT GONZALEZ,
JOHN MORILLO, and YVETTE SANTIAGO,

> *Defendants.*[**]

---

[*]The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

[**] We direct the Clerk of the Court to amend the official caption as noted.

For Plaintiff-Appellant:          Ramona De La Rosa, *pro se*, Bronx, N.Y.

For Defendants-Appellees:          Kristin M. Helmers, Deborah A. Brenner, *of counsel*, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.


Appeal from the judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ramona De La Rosa, proceeding *pro se*, appeals the district court's judgment dismissing her disability discrimination complaint on a motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Following our *de novo* review of the record, we affirm for substantially the reasons stated by the district court in its October 22, 2010 Opinion and Order. *See De La Rosa v. City of New*

*York Police Dep't*, No. 09 Civ. 5290 (SAS), 2010 U.S. Dist. LEXIS 112770 (S.D.N.Y. Oct. 22, 2010). Although De La Rosa argues on appeal that there were material facts in dispute that the district court overlooked, she has not directed our attention to any specific facts or explained how these facts, if truly disputed, would have altered the district court's conclusion. Moreover, an independent comparison of De La Rosa's statement of facts with the record evidence reveals that the district court correctly concluded that the majority of the facts De La Rosa identified were either not genuinely in dispute or consisted solely of "conclusory allegations, speculation or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

With respect to De La Rosa's retaliation claim based on her June 2004 suspension, we have independently concluded that summary judgment in the Appellees' favor was warranted. After the Appellees came forward with evidence demonstrating that De La Rosa was suspended on account of her insubordination and hostile behavior towards her superiors, De La Rosa provided no admissible evidence tending to show that the Appellees' proffered reason was pretexutal. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (stating that after an employer articulates a legitimate reason for the adverse action, the plaintiff must "adduce admissible evidence that would be sufficient to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation") internal quotation omitted).

We have considered all of De La Rosa's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3